UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desmond Chitty, | ) C/A No. 6:06-1604-GRA-WMC |
|                 Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| City of Hartsville Police Dept.; | ) |
| Officer Eric A. Jenkins; | ) |
| Officer Taylor Lail, | ) |
|                 Defendants. | ) |

The plaintiff, Desmond Chitty, ("Plaintiff") proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee at the Darlington County Detention Center, and files this action without prepayment of the filing fee under 28 U.S.C. § 1915. The complaint should be dismissed without prejudice.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. 25, 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  Hughes v. Rowe, 449 U.S. 5 (1980);  Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972);  Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  Hughes, 495 U.S. 5.  Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F. 2d 387 (4th Cir. 1990).

## Discussion

Plaintiff, a pretrial detainee, has filed this § 1983 action against the Hartsville Police Department and two officers.  On March 14, 2006, Plaintiff was arrested for disorderly conduct  at the Hartsville Motel.  He alleges another person attempted to rob and kill him and he asked the hotel personnel to call the police. The defendant officers arrived and

began questioning Plaintiff and the individual Plaintiff accused of trying to rob and kill him. Plaintiff admits the officers told him to be quiet several times while the other individual was being questioned.  He further admits he failed to follow the arresting officer's directives to be quiet.  However, he alleges he was too emotionally upset to comply and he was "trying to save [his] life."  He concludes that the officers failed to take his statements and perform a proper investigation, "showed favoritism," and denied him due process.  Plaintiff alleges the officers were negligent and biased.  He is seeking only monetary damages.

Plaintiff's § 1983 complaint is subject to summary dismissal because a right of action with respect to Plaintiff's detention and pending criminal proceedings has not yet accrued.  Plaintiff has not yet been convicted and pursuant to Younger v. Harris, 401 U.S. 37 (1970), federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances.  See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7th Cir. 1993).  Federal courts will not entertain a § 1983 claim for damages that involves ruling on issues in dispute in pending state criminal proceedings. See Hudson v. Chicago Police Dept., 860 F. Supp. 521, 523 (N.D. Ill. 1994) (citing Greening v. Moran, 953 F.2d 301, 304 (7th Cir.), cert. denied, 113 S. Ct. 77 (1992)). As noted above, Plaintiff's state criminal proceeding is pending. Accordingly, this 1983 action which raises issues relating to the pending state criminal proceeding should be dismissed without prejudice.

Furthermore, courts must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  Only after a plaintiff's acquittal or after his conviction or sentence has been reversed, expunged, invalidated or called into question by issuance of a writ of habeas corpus shall a federal

court entertain the plaintiff's section 1983 claim for damages. Id.  As noted above, Plaintiff has yet to be convicted and his state criminal proceeding is still proceeding.   A judgment in Plaintiff's favor in this 1983 action would necessarily imply the invalidity of any future conviction or sentence. Accordingly, Plaintiff's § 1983 action is also bared by Heck.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 26, 2006
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

      During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603**